UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN SCOTT GUTIERREZ, an individual, and KAYLA ASHLEY VELA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-08196-MEMF-AJR<br><br>**ORDER DENYING MOTION TO REMAND [DKT. NO. 17]** |

Before the Court is a Motion to Remand filed by Plaintiffs Edwin Scott Gutierrez and Kayla Ashley Vega. Dkt. No. 17. For the reasons stated herein, the Court DENIES the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

1

///

## I. Background

### A. Factual Background[1]

Plaintiffs Edwin Scott Gutierrez and Kayla Ashley Vela are residents in California. Dkt. No. 1-1 ¶ 2("Compl."). Defendant General Motors LLC is a Delaware Limited Liability Company. *Id.* ¶ 4.

Plaintiffs purchased a 2023 GMC Sierra 1500 in May 2023. Compl. *Id.* ¶¶ 7, 9. Plaintiffs received various warranties in connection with the purchase. *Id.* ¶ 12. The Sierra 1500 experienced defects and nonconformities to the warranties. *Id.* ¶ 13. Plaintiffs subsequently delivered the Sierra 1500 to Defendant for repairs. *Id.* ¶ 14. Plaintiffs assert that Defendant failed to make the requisite repairs after a reasonable number of opportunities and failed to replace the Sierra 1500 thereafter. *Id.* ¶¶ 15-16.

### B. Procedural History

In January 2025, Plaintiffs provided Defendant a copy of the Sierra 1500 Sales Agreement. Dkt. No. 17-2 ("Yang Decl.") at 3. Plaintiffs filed suit in Los Angeles County Superior Court on February 14, 2025. Dkt. No. 17-1 at 2. Plaintiffs filed an amended complaint on March 28, 2025. *See* Compl. Plaintiffs bring five causes of action: (1) violation of Section 1793.2(d) of the Song-Beverly Act; (2) violation of Section 1793.2(b) of the Song-Beverly Act; (3) violation of Section 1793.2(a)(3) of the Song-Beverly Act; (4) breach of implied warranty of merchantability in violation Civil Code section 1791.1 and 1794; and (5) violation of 15 U.S.C. §§ 2301-2312 of the Magnuson-Moss Warranty Act ("Magnuson-Moss"). *See id.*

Plaintiffs served Defendant with process on February 21, 2025. *See* Yang Decl. at 2. Defendant filed an Answer on June 27, 2025. *See* Dkt. No. 1-2. On August 26, 2025, Defendant produced an invoice reflecting the Sierra 1500 Sales Agreement ("RISC"), listing the Manufacturer's Suggested Retail Price as $62,200. Yang Decl. at 3. On August 29, 2025, Defendant

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiffs' Complaint. Compl. The Court includes these allegations only as background and makes no finding on whether they are true.

1  removed the action to this Court after conducting its own investigation as to the damages at stake.
2  *See* Dkt. No. 1 at 2.
3       On September 26, 2025, Plaintiffs filed the instant Motion to Remand. Dkt. No. 17
4  ("Motion"). Plaintiffs also filed a supporting declaration. *See* Yang Decl. Defendant filed an
5  Opposition to the Motion on October 10, 2025. Dkt. No. 18 ("Opposition"). Plaintiffs filed a Reply
6  in support of the Motion on October 17, 2025. Dkt. No. 19 ("Reply").
7       **II.   Applicable Law**
8            **A.  Federal Court Jurisdiction**
9       "Federal courts are courts of limited jurisdiction," and can only hear cases where there is a
10 valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991).
11 One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331,
12 which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under
13 the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity
14 jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires
15 complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v.*
16 *Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  While citizenship to a state is not
17 necessarily tied to residence, a "party with the burden of proving citizenship may rely on the
18 presumption of continuing domicile, which provides that, once established, a person's state of
19 domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods.,*
20 *Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).
21      When a Plaintiff file an action in state court over which federal courts might have
22 jurisdiction, the Defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As
23 specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that
24 the amount in controversy exceeds the jurisdictional threshold; the notice need not contain
25 evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89
26 (2014). There are two different possible deadlines for a Defendant to remove, depending on the
27 circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d
28 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts

apparent from the face of the complaint," then the Defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the Defendant need not immediately remove, and instead must remove "within thirty days after the Defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

"If the Plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").[2]

### B. Magnuson-Moss

Magnuson-Moss, 15 U.S.C. §§ 2301 et seq., states "a consumer who is damaged by the failure of a supplier "a consumer who is damaged by the failure of a supplier [or] warrantor ... to comply with any obligation under this chapter [] or under a written warranty [or] implied warranty" to sue in United States district court. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037-38 (9th Cir. 2004). The amount in controversy ("AIC") must exceed $50,000, exclusive of interest and costs, and computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d). Personal injury and punitive damages are precluded under the Act. *Id.*

The removing party bears the burden of showing, by a preponderance of the evidence, that the jurisdiction threshold is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–701 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996)).

---

[2] Plaintiffs assert that the burden established in *Gaus* is a "heavy one," and there is a "strong presumption against removal jurisdiction." Motion at 3-4, 9. Although *Gaus* indicated a strong presumption, the requisite burden level, as established by Ninth Circuit decisions that followed, is a preponderance of the evidence. *Guglielmino*, 506 F.3d at 699–701; *Sanchez*, 102 F.3d at 404–05; Opposition at 1, 8-9. Plaintiffs concede to this burden in its briefs. Motion at 9. Thus, Defendant need only demonstrate "more likely than not" that subject matter jurisdiction exists.

### III. Discussion

Plaintiffs base the Motion on the following arguments: (1) Defendant's removal was untimely, (2) the AIC is ascertainable on the face of the complaint, and (3) Defendant has not met its burden to demonstrate the AIC is more than in $50,000. *See* Motion.

#### A. Plaintiffs' Complaint, On Its Face, Did Not Trigger Section 1446.

Plaintiffs' first and second arguments are related and pertain to Section 1446's thirty-day removal trigger. Under these arguments, the Court must consider the date of the removal action, and whether Plaintiffs' initial complaint or a subsequent paper, on its face, made federal jurisdiction ascertainable to Defendant.

Plaintiffs claim Defendant's removal was untimely, because it came more than thirty days after Plaintiffs served Defendant with the Complaint. *See* Motion at 1-2, 5. This argument hinges on the notion that Plaintiffs' Complaint made apparent that the action was removable, and so Defendant was obligated to remove the action within thirty days. Defendant rebuts, detailing how Plaintiffs' Complaint fails to provide sufficient information for assessing Plaintiffs' citizenship[3] and a determinative measure of actual damages, civil penalties, and attorney's fees from which Section 1446 would be triggered. Opposition at 12-15. The Court finds that the Complaint did not, on its face, show that more than $50,000 was at stake in the action to remove under Magnuson Moss or $75,000 under diversity jurisdiction. Accordingly, Defendant was not obligated to remove within thirty days of service.

Plaintiffs concede that the "complaint does not allege a specific dollar amount in controversy," but asserts that "it is impossible to believe that Defendant could not ascertain the [AIC] exceeded $50,000 based on the face of the complaint." Motion at 6; *see Harris*, 425 F.3d at 692. Because the complaint sought "restitution for the purchase of the vehicle," "incidental and consequential damages," "civil penalties of two times the actual damages," and "attorneys' fees,"

---

[3] Here, there is evidence that Plaintiffs reside in California—namely their address in the RISC—and although the presumption that they intend to remain in the state is rebuttable, Plaintiffs do not argue she is domiciled elsewhere. *See Adams*, 958 F.3d at 1221 (explaining that citizenship is determined by state of domicile, which is determined by where a person resides "with the intention to remain"). Defendant does not contest Plaintiffs' place of domicile. Because Defendant is domiciled in Delaware, the Court finds diversity of citizenship.

Plaintiffs reason that the complaint sufficiently established the requisite AICs to Defendant, thereby triggering Section 1446's thirty-day removal window. Motion at 6.

As Plaintiffs filed the complaint on February 14, 2025, and Defendant did not remove the action until August 29, 2025—159 days after the thirty-day removal deadline—Plaintiffs contend that Defendant's removal is untimely and warrants remand. Motion at 1-2, 5.

For the removal deadline to be thirty days from service, the action must "*clearly* [be] removable on the basis of jurisdictional facts[4] *apparent from the face of the complaint*." *Harris*, 425 F.3d at 692–93 (emphasis added). The removability must be clear from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. In other words, even if the Defendant has access to information that might show a case is removable, or could uncover such information through an investigation, the Defendant is not obligated to remove within thirty days of service unless the ground for removal is obvious on the face of the complaint. *See id.* at 695-96 (even when the Defendant's files contained the citizenship of relevant parties and showed complete diversity, the Defendant was not obligated to remove within thirty days if the complaint did not affirmatively allege complete diversity).

Here, the Complaint did not state how much money was at stake. *See* Compl. Plaintiffs alleged that they purchased a Sierra 1500, and that they sought actual damages and penalties of two times actual damages. *See* Compl. at Prayer for Relief. Nowhere does the Complaint state the purchase price or what actual damages were. *See* Compl. The Complaint did not make clear on its face that the amount in controversy was over $75,000. Accordingly, Defendant was not obligated to remove within thirty days of service. *See Harris*, 425 F.3d at 692–93.

Further, Plaintiffs' reliance on *Dart Cherokee Basin Operating Co., LLC v. Owens* is misplaced. Plaintiffs cite to *Dart* to demonstrate that Defendant had sufficient information to present

---

[4] The "jurisdictional facts" at issue in *Harris* were whether the parties had "complete diversity of citizenship." *See Harris*, 425 F.3d at 692–93. This is on point with the jurisdictional fact at issue here. The Ninth Circuit has clarified that the "explicit standard"—that the ground for removal must be "unequivocally clear and certain"—applies to all possible grounds for removal. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (extending *Harris*'s rule to removal based on the "federal officer removal statute, 28 U.S.C. § 1442"). The fact that complete diversity and the amount in controversy is over $75,000 must be clearly apparent from the face of the complaint to trigger the 30-day timeline for removal from the time of service. *See Harris*, 425 F.3d at 692–93.

a "mere plausible allegation" that diversity jurisdiction was met because Defendant is sophisticated and has knowledge of the automotive industry, which presumably would allow Defendant to determine that a Sierra 1500 sold in 2023 cost far more than $35,000, especially considering Defendant had access to the MSRP value.[5] Motion at 7-8. This is very likely true, but it is irrelevant.

The issue here is not whether Defendant *could* have removed, but rather whether Defendant *were obligated* to remove within thirty days of service. *Dart* does not address this question at all, and *Harris* covers it in detail. *See generally Dart*, 574 U.S. 81; *Harris*, 425 F.3d 689. As *Harris* makes clear and as discussed in Defendant's Opposition, Defendant's subjective knowledge is not part of the inquiry. *See Harris*, 425 F.3d at 694 ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); Opposition at 9. Nor did Defendant have any duty to investigate. *See id.* The fact that the Complaint included the make, model, year, and VIN is similarly not dispositive, as this information would have required further investigation to uncover a purchase price.[6] *See* Motion at 7. To trigger a thirty-day deadline, the Complaint needed to show on its face that $75,000 was at stake. It did not do so. For the reasons discussed above, the Court finds that *Harris* rather than *Dart* controls here.

The Court finds that Defendant has met its burden of showing removal was proper. The Complaint did not make clear on its face that more than $75,000 was at stake, and no other pleading or paper made this clear until Defendant received the conducted its own investigation and reviewed the RISC, which contained the purchase price. Regardless of whether Defendant could have properly

---

[5] On the Complaint's caption page and Civil Case Cover Sheet, Plaintiffs indicated the action was brought under the state court's unlimited jurisdiction, seeking damages of at least $35,000. When considering the civil penalties of two times and attorney's fees, $35,000 purchase price would put $105,000 at stake. Motion at 8.

[6] Plaintiffs cite *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 requiring "a defendant to apply a reasonable amount of intelligence in ascertaining removability." Reply at 1. Pointing to the Sierra 1500 Sales Agreement and repair orders sent to Defendant in January 2025, and Defendant's access to the Sierra 1500's MSRP, Plaintiffs contend that Defendant had sufficient information to ascertain diversity jurisdiction. Motion at 7-8; Reply at 7. However, as discussed by Defendant, *Kuxhausen*, expressly holds that Section 1446's "amended pleading, motion, [or] order" reference cannot be read to include papers preceding the initial pleading *Id.* at 1142; Opposition at 6, 9. Because plaintiff's demand letter, in *Kuxhausen*, was provided to defendant before she initiated her suit, it did not trigger the thirty-day period. *Id.* The same conclusion can be reached here as the focus in on the initial pleading, Plaintiffs' Complaint, not pre-litigation documents, and what AIC Defendant could have ascertained within the four corners of the Complaint.

removed prior to receiving the RISC, Defendant was not obligated to do so until thirty days after Defendant received the RISC, which was an "other paper" from the face of which Defendant could ascertain that removal was proper. *See* 28 U.S.C § 1446(b)(1)

### B. Defendant Satisfied Its Burden of Establishing the Requisite Amount in Controversy Under the Song-Beverly Act and Magnuson-Moss.

Plaintiffs' third argument is that Defendant failed to meet its "heavy burden" of establishing that the AIC exceeds $50,000 for federal question jurisdiction and exceeds $75,000 for diversity jurisdiction. Motion at 9. This argument depends on the evidence set forth by Defendant, and whether that evidence demonstrates, by a preponderance of the evidence, that the AIC is beyond each jurisdictional threshold. Having found the Defendant's proffered evidence is sufficient to establish an AIC over $75,000, the Court finds that Defendant met the jurisdictional threshold under Magnuson-Moss and diversity jurisdiction. For this reason, the Court will deny the Motion on this ground.

Plaintiffs claim that Defendant did not point to evidence in the complaint or produced evidence showing that Plaintiffs' actual damages and civil penalties exceeded $50,000, let alone $75,000. Motion at 9-10. Not only is this contrary to Plaintiffs' prior assertions that Defendant had "more than sufficient information to plausibly determine" the AIC exceeded $75,000, Motion at 8, it ignores the clear evidence provided by Defendant. Plaintiffs further explains that Defendant's attorneys' fees estimate is based solely on "self-serving, subjective assertions," which are insufficient to satisfy a preponderance of the evidence burden. Motion at 10.

In its Opposition, Defendant thoroughly guides the Court through its damage calculations. From Defendant's records, the Sierra 1500's defects were first presented to Defendant on November 7, 2024. Dkt. Nos. 16-1 at 1, 16-2 (RISC). At that time, the Sierra 1500 had 29,279 miles on the odometer. *Id.* Accounting for the offsets, including mileage,[7] the Sierra 1500 was valued at $45,706.71. *Id.* Taking the Sierra 1500's value, adding civil penalties up to two times the actual

---

[7] In Plaintiffs' Motion, Plaintiffs assert that Defendant failed to include a mileage offset. Motion at 10; Reply at 5.

damages, and adding attorney's fees based on Plaintiffs' counsel's indicated rate and incurred fees, the AIC could reasonably be $137,120.13.[8] *Id.*; Opposition at 19.

In Reply, Plaintiffs reassert that Defendant's calculated value of the Sierra 1500 and attorney's fees are "fatally speculative" and is not supported by "competent evidence." Reply at 4, 9-12. Plaintiffs also take issue with Defendant's civil penalties calculation, stating that there is "no evidence whatsoever that Plaintiffs will receive the maximum amount of civil penalties" and providing nonbinding case discussing how district courts shall consider the "specific facts of the case" when estimating a potential civil penalty. Reply at 6-8.

As to the Sierra 1500's value, or actual damages, the RISC clearly sets forth a baseline from which actual damages can be calculated. Dkt. No. 16-2 (RISC). Defendant provided detailed calculations as to the relevant offsets in its Opposition. With regard to civil penalties, California Civil Code Section 1794(c) states "a civil penalty . . . two times the amount of actual damages" is permitted "if the buyer establishes that the failure to comply was *willful*." (Emphasis added). Paragraph 29 of Plaintiffs' complaint includes facts specific to the case from which the Court can conclude that there is a likelihood of maximum civil penalties at issue. Paragraph 29 states:

> Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

Compl. ¶ 29. Lastly, the attorney's fees calculations are based solely Plaintiffs' counsel's rates—facts specific to this case—and a reasonable estimate of the work expected. Taken together, Defendant presented detailed calculations of the AIC, which the Court finds more likely than not, exceeds $75,000. Therefore, Defendant established the jurisdictional threshold under Magnuson-Moss and diversity jurisdiction.

---

[8] The value of the Sierra 1500 is $45,706.71. For civil penalties up to two times, the Court multiplies the value by two, which totals $91,413.42. Adding the value and civil penalties totals $137,120.13. Adding attorney's fees of $15,000 results in the total AIC as $152,120.13. The Court notes that Plaintiffs' dispute the asserted attorney's fees amount. Even if the Court finds the attorney's fees amount to be $0, the AIC is well beyond $75,000.

Accordingly, Defendant's removal was timely, and Defendant has demonstrated an AIC sufficient for the Court to exercise jurisdiction over Plaintiffs' claims.

### IV.    Conclusion

For the reasons stated herein, Plaintiffs' Motion is DENIED.

IT IS SO ORDERED.

Dated:  December 4, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge